## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

SHAHER KHADDAJ                      )
                                    )
       Petitioner,                  )
                                    )
v.                                  )        Case No. CIV-26-273-SLP
                                    )
SCARLET GRANT, et al.,              )
                                    )
       Respondents.                 )

### **O R D E R**

Petitioner Shaher Khaddaj, represented by counsel, filed this action pursuant to 28 U.S.C. § 2241, seeking a writ of habeas corpus, challenging the U.S. Immigration and Customs Enforcement's (ICE) decision to revoke his release on an Order of Supervision and detain him.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Amanda L. Maxfield.  Currently before the Court is the Report and Recommendation (R&R) [Doc. No. 11] recommending that the Court grant Petitioner's request for habeas relief and order Petitioner's immediate release from custody.  [Doc. No. 11] at 17.  Respondents filed an Objection to the R&R [Doc. No. 13].

The Court reviews de novo any portion of the R&R to which the parties have made specific objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow, the Court ADOPTS IN PART the R&R and GRANTS IN PART the Petition.

## I.    Background

Petitioner, a noncitizen and national of Syria, entered the United States through a port of entry on April 28, 2024.  Shortly after, he was ordered removed.  On June 21, 2024, ICE released Petitioner under an Order of Supervision (OOS).  On January 14, 2026, while attending a routine ICE check-in pursuant to his OOS, ICE revoked his OOS and re-detained him.  When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma, where he currently remains.[1]

On February 16, 2026, Petitioner filed this action, claiming a violation of agency regulations under 8 C.F.R. §§ 241.4 and 241.13 and a violation of the Equal Protection Clause under the Fifth Amendment of the United States Constitution.  Petitioner claims that ICE unlawfully detained him without complying with their own regulations.  Petitioner further claims that the Respondents' continued detention of him violates his Fifth Amendment due process rights.[2]  As relief, Petitioner requests immediate release from custody.

## II.    Discussion

### a.  8 C.F.R § 241.13(i) governs Petitioner's re-detention.

Respondents contend that 8 C.F.R. § 241.4(l)(2) governs Petitioner's re-detention. In the R&R, however, the Magistrate Judge found that 8 C.F.R. § 241.13(i) governs

---

[1] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited May 21st 2026).

[2] The Court adopts the recommendation of the Magistrate Judge to decline to address the Petitioner's due process claim.

Petitioner's re-detention.  Given that the record, including much of the Respondents' own evidence, demonstrates that ICE was acting pursuant to § 241.13(i), the Court is inclined to agree with the Magistrate Judge and hold that § 241.13 does in fact govern Petitioner's re-detention.

For example, as the Magistrate Judge amply points out, Petitioner's OOS indicates that § 241.13 applies.  [Doc. No. 11] at 8 ("Because the agency has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions") (citations omitted).  Further, while the language in Petitioner's Notice of Revocation of Release states that § 241.4 applies, it also expressly states that § 241.13 applies.  [Doc. No. 11] at 9 (Petitioner "remain[s] in ICE custody" "pursuant to 8 C.F.R § 241.4/8 C.F.R § 241.13") (citations omitted).  And finally, the Respondents concede in their Response that, "Because Petitioner's removal *was not significantly likely in the foreseeable future*, on June 21, 2024, an Order of Supervision was entered. . ." [Doc. No. 9] at 2 (emphasis added).  This language is directly tied to § 241.13.  In their Objection to the R&R, Respondents contend that § 241.13 cannot apply to Petitioner's re-detention because "the 'Limitations' section of [§ 241.13] states that the 'section does not apply to . . . [a]liens  subject to a final order of removal who are still in the removal period. . ." and Petitioner was still in the removal period when Respondents released him on an OOS.  [Doc. No. 13] at 3.  Although in hindsight ICE may have incorrectly moved under § 241.13, the record supports a finding that they did so.  The Respondents cannot simply offer a post-hoc rationalization of § 241.4

3

divorced from any factual record.[3]  Because of this, on the record presented in this case, the Court holds that § 241.13 governs Petitioner's re-detention.

**b.  Respondents failed to comply with the revocation requirements in § 241.13.**

The Magistrate Judge correctly outlines and analyzes the revocation requirements of § 241.13.  Pursuant to § 241.13, absent a violation of the conditions of supervised release, Respondents must show that "on account of changed circumstances, [ICE] determine[d] that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future" before re-detaining an alien who has been released on an OOS.  8 C.F.R. § 241.13(i)(1)-(2).  Respondents provide no evidence suggesting that Petitioner violated the conditions of his release.  Respondents do, however, contend that there have been "changed circumstances" and that "there is a significant likelihood" that Petitioner will be "removed in the reasonably foreseeable future."  But as the Magistrate Judge articulates, the Respondents' argument that there has been a change in circumstances falls flat.  Simply because the United States went from removing five subjects to Syria to "remov[ing]. . . 34 subjects to Syria" in 2025, does not mean that there is a significant likelihood that Petitioner himself will be removed in the reasonably foreseeable future.  As this Court held in *Pham v. Bondi*, a general indication that removals to the country in which a Petitioner is originally from does not satisfy § 241.13(i)(2).  No. CIV-25-1157-SLP, 2025

---

[3] Moreover, Respondents raised this argument for the first time in their Objection to the R&R and so this argument is waived.  *See Gilbert v. United States Olympic Comm.*, 423 F. Supp. 3d 1112 (D. Colo. 2019) ("Parties may not raise in their objections any novel arguments that they did not raise before the magistrate judge. Such arguments are deemed waived.") (citations omitted).

WL 3243870, at *2 (W.D. Okla. Nov. 20, 2025).  Respondents present no other argument and provide no other evidence in support of there being changed circumstances and therefore violated the "changed circumstances" requirement of the regulation when they re-detained Petitioner.  Moreover, Respondents concede that they "lack evidence of an informal interview occurring" pursuant to § 241.13.  [Doc. No. 13] at 3, n.2.  Accordingly, ICE did not comply with the requirements of § 241.13 when it re-detained Petitioner and thus failed to abide by its own regulations.

    **c.  Immediate release is the appropriate remedy.**

Respondents' argument that immediate release is the incorrect remedy in this circumstance has been "rejected by courts across the country."  *Virachak v. Baltazar*, No. 26-CV-00391-STV, 2026 WL 746285, at *4 (D. Colo. Mar. 17, 2026) (providing a robust list of courts across the country who have rejected Respondents' argument that immediate release is not the appropriate remedy when ICE fails to abide by its regulations).  As the Court held in *Ye v. Bondi*, "ICE's failure to abide by its own regulations in making the decision to revoke Petitioner's OOS renders the revocation unlawful, and . . . his release is therefore appropriate."  No. CIV-25-1230-D, 2025 WL 3485420, at * 3.  When ICE failed to abide by its own regulations and procedures, it deprived Petitioner of his constitutional protections.  *See Li v. Bondi*, No. CIV-25-1480-J, 2026 WL 475133, at *3 (W.D. Okla. Feb. 19, 2026) ("A wholesale failure. . . to provide the mandated interview. . . implicates those constitutional protections directly."); *see also Pham*, 2025 WL 3243870, at *1 ("The Court agrees with its sister courts and the findings of the Magistrate Judge that such a failure amounts to a due process violation, entitling the petitioner to habeas relief. . ."). In

5

the case at hand, the Respondents have failed to show that any changed circumstances occurred upon the re-detention of Petitioner, and Respondents failed to show that ICE provided Petitioner with an informal interview upon his re-detention as required by § 241.13.   These failures constitute direct violations of ICE's very own regulations. Accordingly, Petitioner's immediate release is appropriate.   The Court finds no further relief is warranted.[4]

IT IS THEREFORE ORDERED THAT:

1. The Report and Recommendation [Doc. No. 11] is **ADOPTED IN PART**;

2.  Petitioner's Verified Petition for Writ of Habeus Corpus is **GRANTED** to the extent it requests habeas relief under 28 U.S.C. § 2241;

3. Respondents are directed to immediately release Petitioner, subject to the terms of his previous Order of Supervision.

IT IS SO ORDERED this 21st day of May, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] As the Magistrate Judge noted, if Petitioner seeks recovery of attorney fees under the Equal Access to Justice Act (EAJA), he must seek those separately after a final judgment. *See* R&R at 4, n. 5 (citations omitted).